IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRIAN WILLIS,<br><br>    Plaintiff,<br><br>v.<br><br>TARRY WILLIAMS, *et al.*,<br><br>    Defendants. | No. 17-cv-3297 |

**JOINT STATUS REPORT**

In accordance with the Court's October 11, 2022, minute entry [ECF #191], Plaintiff Brian Willis, by and through his appointed counsel Jordan Tank, Defendants Alma Martija, M.D. and Wexford Health Sources, Inc. ("Wexford Defendants"), by and through their attorneys Cassiday Schade LLP, and Defendants Troy Johnson, Nicholas Lamb, Michael Lemke, James Louch, Tarry Williams, and Clarence Wright ("IDOC Defendants"), by and through their attorney, Illinois Attorney General, Kwame Raoul, present the following Joint Status Report

**(1) Provide an overview of the case as a whole. What is the case about, in general terms? Who are the parties?**

Plaintiff Brian Willis was an inmate at Stateville Correctional Center ("Stateville") (he was recently paroled). He generally alleges that on October 6, 2015, he was injured when a portion of Stateville's commissary ceiling fell onto his head. He alleges he sustained a traumatic brain injury and other related injuries. He filed suit against two groups of Defendants: six representatives of the Illinois Department of Corrections ("IDOC Defendants"), and Dr. Alma Martija and Dr. Saleh Obaisi – the physicians who treated Willis following the incident – and Wexford Health Services, Inc., their employer ("the Wexford Defendants").

{00467955}

Plaintiff alleges the IDOC Defendants failed to address his grievances regarding the condition of the commissary ceiling and acted with deliberate indifference to his welfare. He named the following individuals from IDOC as Defendants:

| Name | Role |
| --- | --- |
| Nicholas Lamb | The Assistant Warden of Operations at Stateville on the date of the incident |
| Tarry Williams | A former Warden of Stateville |
| Michael Lemke | A former Warden of Stateville |
| James Louch | A former Chief Engineer at Stateville |
| Troy Johnson | The Chief Engineer of Stateville on the date of the incident |
| Clarence Wright | A Correctional Lieutenant at Stateville on the date of the incident |

On September 30, 2022, Judge Dow issued his Memorandum Opinion and Order on the IDOC Defendants' motion for summary judgment. [ECF #189]. He entered summary judgment on the individual-capacity claims against Williams and Lemke. He further ordered that, for the official capacity claims against Defendants Lemke, Williams, and Lamb, the current Warden and Assistant Warden of Operations of Stateville be substituted as Defendants.

As for the Wexford Defendants, Willis alleged they violated his civil rights by acting with deliberate indifference to his medical needs when treating him following the commissary ceiling collapse. Judge Dow entered summary judgment for the Wexford Defendants. [ECF #189].

**(2) What are the pending claims?**

Plaintiffs' Section 1983 and negligence causes of action against the IDOC Defendants.

**(3) What are the defenses?**

IDOC Defendants assert the defenses of qualified immunity and Eleventh Amendment immunity.

**(4) What are the key factual and legal issues?**

Whether the risk posed by the commissary ceiling was objectively serious; whether the IDOC Defendants were objectively aware of the risk and consciously disregarded it; whether the IDOC Defendants were negligent; whether the IDOC Defendants took reasonable steps to mitigate any problems posed by the commissary ceiling; and whether Willis admitted to investigator James Sullivan after the incident that wood never actually fell on his head.

**(5) Where do things stand on discovery? If the parties are in middle of discovery, when is the discovery deadline?**

Discovery is complete.

**(6) How long do the parties expect trial to take? Please provide a realistic estimate. When do the parties expect that they will be ready for trial?**

The parties expect the trial will take four days. They will be ready for trial in March 2023.

**(7) What relief is the Plaintiff seeking?**

Plaintiff seeks compensatory and punitive damages and the costs of suit.

**(8) What are the key rulings in the case? What are the most important things on the docket for the Court to read?**

Plaintiff's Second Amended Complaint [Dkt. #58], Judge Dow's memorandum opinion and order denying Defendants' motion for sanctions [Dkt. #127], IDOC Defendants' Motion for Summary Judgment [Dkt. #168-172], and Judge Dow's memorandum opinion and order on the Wexford Defendants' motion for summary judgment. [ECF #189].

**(9) Where do things stand on the settlement front? When was the last offer by the Plaintiff? When was the last offer by the Defendants? Do the parties seek a settlement conference? The parties must confer about settlement before filing the report.**

At the beginning of the case Plaintiff demanded $50,000 to settle. No Defendants were interested in discussing settlement at that time. Following Judge Dow's order granting the Wexford Defendants summary judgment, they offered to not seek costs if Plaintiff agrees not to move for reconsideration of or appeal from the order. As such, the Wexford Defendants are not interested in settlement as summary judgment has been granted in their favor. Plaintiff and the IDOC Defendants are interested in renewing settlement discussions to determine whether or not a settlement conference would be productive. At this time, IDOC Defendants' counsel does not have settlement authority.

**(10) What else do the parties want the Court to know?**

The Wexford Defendants filed their motion for costs on October 27, 2022 [ECF #192] due to Judge Dow's order granting the Wexford Defendants' motion for summary judgment. [ECF #189].

                                                Respectfully submitted,

                                                By: */s/ Jordan M. Tank*
                                                      Attorney for Plaintiff

Jordan M. Tank
Lipe Lyons Murphy Nahrstadt & Pontikis Ltd.
230 W. Monroe St., Ste. 2260
Chicago, IL 60606
(312) 448-6230
jmt@lipelyons.com

        Respectfully submitted,

        By: /s/ *Rachel S. Mahoney*
           One of the Attorneys for Wexford Defendants

Matthew H. Weller
Joseph J. Lombardo
Rachel S. Mahoney
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 444-2488
mweller@cassiday.com
jlombardo@cassiday.com
rmahoney@cassiday.com

        Respectfully submitted,

        By: */s/ Mark Alanson*
           Attorney for IDOC Defendants

Mark Alanson
Illinois Attorney General's Office
100 West Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-3149
Mark.alanson@ilag.gov